William L. McCRAE,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 85–3426.

United States Court of Appeals,
Fifth Circuit.

July 3, 1986.

Herbert V. Larson, Jr., John T. Mulvehill, Federal Public Defender, New Orleans, La., for petitioner-appellant.

Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, La., Joseph E. Kopsa, Asst. Atty. Gen., Baton Rouge, La., John M. Mamoulides, Dist. Atty., Elizabeth Gaudin, Asst. Dist. Atty., Gretna, La., for respondent-appellee.

Before CLARK, Chief Judge, JOLLY and HILL, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this appeal from a denial of habeas corpus, William McCrae argues that he was denied due process of law when a state court judge relied in part on erroneous information in imposing sentence on McCrae. McCrae contends that there were constitutionally significant errors in his presentence investigation report and that these errors resulted in the trial judge's imposing a sentence twenty years longer on McCrae than on his codefendant. McCrae also argues that he was denied the effective assistance of counsel on appeal because, prior to his appeal, his attorney failed to discuss the case with McCrae. Because we find that these defects amount to no more than harmless error, we affirm the denial of habeas relief.

I

In June 1977, William McCrae, Jackie Davis, and two others were charged with the armed robbery of a store in Gretna, Louisiana. McCrae, an indigent, was assigned court-appointed counsel. After

pleading not guilty at arraignment, McCrae and Davis changed their pleas to guilty. The state judge sentenced Davis to thirty years and McCrae to fifty years. Both sentences were to be served at hard labor, without benefit of parole, probation, or suspension of sentence.

The presentence investigation report (PSI) on McCrae, which was prepared several months after his guilty plea and given to the sentencing judge, makes three different references to McCrae as a fifth-felony offender. According to McCrae, however, he had been convicted of only two felonies prior to this guilty plea in the armed robbery, and one of the prior felony convictions was uncounselled. He contends that the other convictions referred to in the PSI were misdemeanors. The evidence shows that the state court judge read McCrae's "rap sheet" and PSI prior to sentencing him.

After sentencing, McCrae and Davis each objected to their respective sentences as excessive. They also both moved to traverse the PSIs relied on by the sentencing judge, but both motions were denied. After McCrae told his counsel that he wanted to appeal his sentence, new attorneys were assigned to his case. Several months later, McCrae requested and received a copy of his PSI. When he attempted to hire an attorney in 1980 to handle his appeal, he learned that an appeal had already been taken on his behalf by the court-appointed attorneys. Those attorneys had filed a brief in McCrae's appeal in November 1979 without having seen the PSI and without referring to specific errors therein. According to McCrae, he never spoke with these attorneys before the appeal was taken. The Louisiana Supreme Court affirmed McCrae's conviction and sentence in an unpublished per curiam opinion. *State v. McCrae*, 383 So.2d 388 (La.1980). The court specifically noted that under Louisiana law at the time, PSIs were privileged documents which could be released to the defendant only upon a showing that the information therein was materially false or furnished an invalid premise for the sentence. *See* La.Code Crim.Proc.Ann. art. 877; *State v. Trahan*, 367 So.2d 752 (La.

1978). Because the appellate brief did not allege false information or prejudice resulting from false information, the court held that the trial judge did not err in refusing to allow the requested access to the PSI.

Having exhausted his state remedies, McCrae filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Louisiana. McCrae claimed in his petition that he had been denied due process because his sentence was based on an erroneous PSI and because he had not been allowed to traverse the PSI; and that he had been denied the effective assistance of counsel on appeal. The district court referred the case to a magistrate. An evidentiary hearing was held in November 1984; the sentencing judge, two of McCrae's attorneys, and McCrae all testified. McCrae was represented at this hearing by newly appointed counsel.

The magistrate recommended in March 1985 that McCrae's petition be denied. After McCrae timely objected, the district court heard oral argument, adopted the magistrate's findings and recommendations, and dismissed McCrae's petition.

McCrae filed this appeal and was granted a certificate of probable cause from this court in July 1985.

## II

McCrae's arguments on appeal are essentially the same ones he advanced in his petition before the district court. First, he contends that his fifty-year sentence was imposed in violation of his due process rights because it was based on erroneous information. Second, he argues that he received ineffective assistance of counsel on appeal because he was never contacted by counsel and was therefore unable to provide critical information to his attorney. We deal with each issue in turn.

## A.

McCrae correctly claims that the DWI charge, the prison escape while serving the

DWI sentence, and the theft charge are all misdemeanors. The PSI therefore erroneously refers to McCrae as a "fifth felony offender." However, when dealing with his specific convictions, the PSI enumerates only three felony convictions, and his rap sheet also indicates only three felony convictions. Except for the allegedly uncounselled conviction involving a stolen vehicle, all of the errors that McCrae points to in his PSI involve the misidentification of his prior misdemeanor convictions as felonies. The fact that there are errors in McCrae's PSI, however, is not sufficient reason for us to grant McCrae a writ of habeas corpus. Our inquiry must focus on whether the sentence in the instant case might have been different if the PSI had not erroneously made references to McCrae as a five-time felony offender. *See United States v. Tucker*, 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972).

The burden of proof is on McCrae to show that the information relied on by the sentencing judge was in part erroneous. Since McCrae has met that burden, the burden shifts to the state to show "beyond a reasonable doubt that the error was harmless, that is, that it had no effect upon the sentence received by petitioner." *Thomas v. Savage*, 513 F.2d 536, 539 (5th Cir.1975).

We do not have before us the classic *Tucker* situation. The erroneous references in the PSI were simply a summary of material from the rap sheet. The sentencing judge had the rap sheet as well as the PSI before him, and there is no evidence that the sentencing judge relied on the erroneous references in the PSI to McCrae as a fifth-felony offender.

The sentencing judge testified at the hearing before the magistrate that his practice when sentencing on a guilty plea was to rely on three resources: the rap sheet, the "record in its entirety," and the PSI. A factor he seriously considered was the type of crimes that the defendant had committed in the past. The judge made clear that it was not labels or classifications that he relied on, but the details of the various convictions. Even though it is true that at three places the PSI referred to the petitioner as a fifth-felony offender, the PSI also accurately set out the previous offenses for which McCrae had been either convicted or charged. The evidence thus shows that the sentencing judge relied on the entire PSI and on the rap sheet, not on the three errors in the PSI referring to the petitioner as a fifth-felony offender.

Thus McCrae has failed to adduce evidence that the sentencing judge relied, even in part, on the erroneous statements in McCrae's PSI. The judge had before him the source material, i.e., the rap sheet, on which the PSI was based, and was able to check the two documents against each other. He was able to discern, independently of the PSI, how many and what type of felonies and misdemeanors for which McCrae had previously been convicted. It appears to us that the difference in the sentences he meted out to McCrae and to Davis is attributable to factors other than the content of the several misstatements in the PSI.

The sentencing judge testified at the evidentiary hearing before the magistrate that the reason he distinguished between McCrae and Davis in sentencing them was that Davis "had a lesser rap sheet than this man had for one thing." Davis' rap sheet indicates a conviction in 1959 on simple larceny and two counts of burglary, followed by four arrests with no disposition indicated, and a sixty-day suspended sentence on a charge of intoxication and trespassing. McCrae's rap sheet, on the other hand, indicates the following: a 1960 burglary conviction at age 17; a 1962 Dyer Act conviction for the interstate transportation of a stolen vehicle; a 1964 burglary conviction; an escape attempt; two arrests for operating a vehicle while intoxicated; an arrest for simply battery and a conviction on simple assault and battery; an arrest for the possession of illegal firearms; a conviction for driving while intoxicated; a misdemeanor escape; and a jury trial on a motor vehicle theft charge resulting in a verdict of not guilty.

It is thus apparent to us that William McCrae's rap sheet shows a pattern of conduct deserving a longer sentence than that indicated for his codefendant Davis. Because there is no evidence that McCrae's sentence in the instant armed robbery conviction might have been different absent the misstatements in the PSI, we find that the misstatements constitute harmless error, and there being no reliance on the misinformation, there is no *Tucker* violation. *See Tucker,* 404 U.S. at 447, 92 S.Ct. at 592. The state has shown beyond a reasonable doubt that the errors in the PSI had no effect on the sentence received by McCrae.

█ McCrae's claim that it was constitutional error for the sentencing judge to have considered at all McCrae's allegedly uncounselled conviction for the interstate transportation of a stolen vehicle does nothing to change our analysis or result. The record before us indicates that McCrae properly waived counsel and indictment in that 1962 conviction. Where counsel was properly waived, a prior uncounselled conviction may be considered by the sentencing judge. *See Barnes v. Estelle,* 518 F.2d 182, 183 (5th Cir., *cert. denied,* 423 U.S. 1036, 96 S.Ct. 571, 46 L.Ed.2d 410 (1975).

### B.

McCrae next argues that the district court erroneously determined that he did not suffer from ineffective assistance of counsel on appeal. McCrae alleged in his petition that court-appointed appellate counsel was unfamiliar with the trial court proceedings and, without first properly consulting with McCrae, filed an appeal approximately twenty-two months after McCrae's sentencing. Indeed, the appellate briefs to the Louisiana Supreme Court did not allege errors in the PSI, much less argue prejudice resulting from those errors.

█ The appellate-level right to counsel is guaranteed by the due process clause of the fourteenth amendment to an accused pursuing a direct appeal as of right. *Ev-*

*itts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Because this is not a case where counsel's deficiencies prevented *any* appellate review, or where appellate counsel entirely failed to challenge the prosecution's case, McCrae's claim requires a showing that counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to the defendant by the sixth amendment. *Hamilton v. McCotter,* 772 F.2d 171, 182 (5th Cir.1985). *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). McCrae must bear the burden of establishing that the particular lapse was prejudicial, meaning that there is a reasonable probability that but for the error the ultimate result would have been different. *Hamilton,* 772 F.2d at 182.

█ McCrae's case is similar to that of the defendant in *Hamilton.* Where Hamilton's counsel refused to raise issues that Hamilton had requested him to raise, McCrae alleges that his counsel was ineffective for failure to raise an issue that McCrae, if given the opportunity, would have requested be presented to the Louisiana Supreme Court. But counsel is not ineffective who merely "fails to raise an issue or issues requested by the appellant." *Hamilton,* 772 F.2d at 182. As outlined in Part II A of this opinion, the misstatements in McCrae's PSI do not amount to a constitutional violation under *Tucker.* McCrae has failed to show any reasonable probability that the sentencing judge relied on any erroneous statements in the PSI or that those erroneous statements had any effect on the sentence McCrae received. He has therefore not met the *Strickland* burden of showing a reasonable probability that his sentence would have been changed even if appellate counsel had presented the issue to the Louisiana Supreme Court. McCrae's claim of ineffective assistance of counsel on direct appeal is without merit. The district court's dismissal of McCrae's petition for a writ of habeas corpus is

AFFIRMED.