UNITED STATES of America, Appellee,

v.

Clayton RUNCK, Jr., Appellant.

No. 86–5179.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1987.

Decided May 4, 1987.
Rehearing Denied Aug. 5, 1987.

Cheryl L. Ellis, Fargo, N.D., for appellant.

Alex R. Tandy, Grand Prairie, Tex., *pro hac vice*, for appellant.

Gary Annear, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and WRIGHT,* District Judge.

* The Hon. Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri, sitting by designation.

ARNOLD, Circuit Judge.

In this petition for postconviction relief under 28 U.S.C. § 2255, Clayton Runck, Jr., raises numerous claims concerning his plea of guilty to a charge under 18 U.S.C. §§ 844(i) and 2 of aiding and abetting an arson resulting in bodily injury. He was sentenced to nine years' imprisonment and, as was permissible under 18 U.S.C. § 3579, ordered to pay restitution of $28,128.00. No fine was imposed. The District Court[1] rejected each claim, and Runck appealed. This Court first summarily affirmed pursuant to Eighth Circuit Rule 12(a), but later granted rehearing upon one claim we considered not frivolous: Runck asserts that the District Court violated Rule 11 of the Federal Rules of Criminal Procedure when it accepted his guilty plea because it failed to inform him that, in addition to a maximum possible imprisonment of 20 years and fine of $20,000, Runck almost certainly would have to pay restitution. Runck contends that because of this, he should be permitted to withdraw his plea or that the restitution portion of his sentence should be eliminated. We again affirm the judgment of the District Court.

In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court considered a federal habeas petitioner's claim that his guilty plea was invalid as a result of ineffective assistance of counsel because his attorney supplied him with erroneous information about parole eligibility. *Id.,* 106 S.Ct. at 369. The Court rejected the claim on the ground that the petitioner's allegations were insufficient to satisfy the "prejudice" requirement for ineffective-assistance claims established by *Strickland v. Washington,* 466 U.S. 668, 693–94, 104 S.Ct. 2052, 2067–68, 80 L.Ed.2d 674 (1984), since the petitioner had not alleged that had he been accurately informed, he would have pleaded not guilty and gone to trial. 106 S.Ct. at 371.

Runck's petition is similarly defective. While his claim is not an ineffective-assistance-of-counsel claim like that in *Hill,* cau-

sation is nonetheless an element he must allege and prove. Runck's complaint does not allege that he would have pleaded not guilty had he known that restitution was possible. Nor does it allege "special circumstances that might support the conclusion that he placed particular emphasis on [the possibility that he would be ordered to pay restitution] in deciding whether or not to plead guilty," *Hill,* 106 S.Ct. at 371. Indeed, Runck pleaded guilty even though he knew that a $20,000 fine might be imposed. Accordingly, even if Rule 11 was violated, postconviction relief would not be appropriate, because the violation is not causally connected to Runck's plea and conviction.

We therefore affirm the judgment of the District Court.

---

**1.** The Hon. Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota.