**UNITED STATES of America, Appellee,**
v.
**C.W.E.H., a juvenile, Appellant.**
No. 87–5226.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1987.
Decided Feb. 10, 1988.

Terry L. Pechota, Rapid City, S.D., for appellant.

Philip Hogan, Sioux Falls, S.D., for appellee.

Before ARNOLD, FAGG, and BEAM, Circuit Judges.

PER CURIAM.

C.W.E.H. appeals from the district court's dismissal of her motion for postconviction relief under 28 U.S.C. § 2255. She claims the district court committed error in denying her an opportunity to withdraw her guilty plea to a charge of assault with a dangerous weapon. We affirm.

C.W.E.H. argues she is entitled to section 2255 relief because the district court did not comply with the requirements of Federal Rule of Criminal Procedure 11 at the change of plea hearing. More specifically, C.W.E.H. claims the district court committed error because it: failed to inform her of the nature of the charge; failed to inform her that her plea could not be withdrawn if the court did not accept the government's sentencing recommendation; and failed to inform her of her rights to present evidence, to confront and cross-examine adverse witnesses, and to appeal. C.W.E.H. argues the district court's "failure to comply with the dictates of [r]ule 11 * * * constitutes a manifest miscarriage of justice, a denial of due process[,] and a failure to observe the rudiments of fair procedure."

We must agree with C.W.E.H.'s assertion that the district court's rule 11 dialogue leaves a great deal to be desired. We conclude it is unnecessary to consider C.W.E.H.'s arguments, however, because the content of her postconviction motion is causally deficient. The motion does not allege that had the district court correctly informed C.W.E.H. under rule 11 she would have pleaded not guilty. *United States v. Runck*, 817 F.2d 470, 471 (8th Cir.1987). C.W.E.H.'s allegation that "[h]ad I [known] that I was going to receive incarceration, I would have never pleaded guilty to the charge[ ]" misses the mark because the district court was not required to disclose the eventual sentence with this precision before accepting her guilty plea. Thus, "even if [r]ule 11 was violated, postconviction relief would not be appropriate, because the violation is not causally connected to [C.W.E.H.'s] plea and conviction." *Runck*, 817 F.2d at 471.

Accordingly, we affirm the decision of the district court.

BEAM, Circuit Judge, concurring.

I agree that C.W.E.H.'s motion must fail because of causal deficiencies. I further agree that since both parties have argued this appeal on the basis of a rule 11 violation, our views must be expressed on that issue. I write separately only to express my concern over any inference created by the parties, through the issues presented on appeal, that a district judge must always follow all of the mandates of rule 11 in a proceeding such as this, brought pursuant to the Federal Juvenile Delinquency Act (FJDA), 18 U.S.C. §§ 5031–42.

Federal Rule of Criminal Procedure 54(b)(5) states that the Federal Rules of Criminal Procedure are not applicable to juvenile delinquency proceedings "so far as [the rules] are inconsistent with" the delinquency statutes. And, while many of the protections afforded adult criminal defendants are equally available in a juvenile setting, the Supreme Court has recognized that delinquency proceedings are fundamentally different from criminal prosecutions. *Schall v. Martin*, 467 U.S. 253, 263,

104 S.Ct. 2403, 2409, 81 L.Ed.2d 207 (1983). In determining appropriate standards to be applied to juveniles, the proper approach is "to strike a balance—to respect the 'informality' and 'flexibility' that characterize juvenile proceedings, and yet to ensure that such proceedings comport with the 'fundamental fairness' demanded by the Due Process Clause." *Id.* (citations omitted).

I believe it fully appropriate to require that a juvenile's guilty plea satisfy the essentials of due process—that it be made knowingly, intelligently, voluntarily, and that it represent an informed choice among alternative courses of action. *See Gregory v. Solem*, 774 F.2d 309, 314 (8th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 730 (1986). Further, I am satisfied that C.W.E.H.'s plea in this matter was taken in accordance with the dictates of due process. However, I do not believe, given the nature and purpose of our juvenile system, that a failure to satisfy each of the dictates of rule 11 can justify collateral relief in a case brought under the FJDA.