865 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory R. MILLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5864.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1988.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gregory Miller moves for counsel in his appeal from the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. Miller pled guilty to unarmed bank robbery and was sentenced to twenty years imprisonment. Miller claimed that (1) he failed to understand the consequences of his guilty plea; (2) the restitution order was improper; (3) the court erred by imposing a special drug aftercare condition on parole; (4) the court relied upon erroneous information concerning his past criminal record; and (5) he received ineffective assistance of counsel. Miller requested injunctive relief. The district court denied the motion as meritless. Miller raises the same arguments on appeal. In addition, he claims the district court erred by failing to hold an evidentiary hearing on the issue of inducements to plead guilty.
 
 
 3
 Upon review, we conclude the district court properly denied Miller relief because he has failed to demonstrate that his criminal proceedings were inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783 (1979). However, the case must still be remanded for the district court to modify the restitution order to reflect the amount of money recovered.
 
 
 4
 Upon consideration, we affirm the district court's denial of the motion.
 
 
 5
 First, Miller claimed that his guilty plea was invalid because the judge did not advise him of the possibility of restitution. The language in Fed.R.Crim.P. 11(c)(1) which requires a court to advise a defendant about possible restitution became effective on August 1, 1985. To the extent that Miller relies upon the rule his argument must fail because he was convicted and sentenced on March 22, 1985, before the effective date of the rule change. Furthermore, due process was not offended by the failure to advise Miller of possible restitution. Miller amended his Sec. 2255 motion to claim that if he had known about the possibility of restitution and the drug aftercare treatment he would not have pled guilty. However, this amendment came immediately after the United States cited United States v. Runck, 817 F.2d 470, 471 (8th Cir.1987), wherein the court found that the failure to advise the defendant of the possibility of restitution was not causally connected to the guilty plea when defendant had not alleged that he would not have pled guilty had he known about restitution. Miller has not offered facts to support this allegation, and the record shows that he wanted to plead as quickly as possible.
 
 
 6
 Next, the district court has entered a modified judgment reflecting that Miller is to pay restitution in the amount of $228.00. Thus, the restitution order has been correctly modified to reflect the amount of money recovered.
 
 
 7
 Third, Miller himself requested that he receive drug rehabilitation; thus, the court's recommendation that he receive a special drug aftercare treatment as a condition of parole was proper.
 
 
 8
 Next, Miller argued that the court relied upon erroneous information concerning prior convictions and juvenile adjudications which were expunged by order of a Hamilton County Court of Common Pleas Juvenile Division Judge. The transcript of the sentencing proceeding shows that the judge did not refer to these prior adjudications. Miller also argued that the court relied heavily upon an armed robbery charge which was pending in state court. However, neither his attorney nor Miller objected to the presentence investigation report when the court inquired. This alone is fatal to Miller's claim. See United States v. Fry, 831 F.2d 664, 668 (6th Cir.1987). In addition, the transcript shows that the judge noted that Miller had been charged in state court, then stated "I'm not saying he's guilty of it." Thus, this claim is also meritless.
 
 
 9
 Finally, Miller's claim that he received ineffective assistance of counsel is also meritless. He did not show that his counsel's performance was deficient and that the deficient performance deprived him of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's alleged failure to develop a meaningful plea agreement does not constitute ineffective assistance since Miller confessed his guilt to the Federal Bureau of Investigation before even meeting with his attorney. Second, Miller's allegation that his counsel failed to suppress certain statements was conclusory and lacks supporting facts. Finally, his counsel's decision not to use insanity and extreme distress as defenses at trial falls within the constitutionally protected independence of counsel to make tactical decisions and does not constitute ineffective assistance of counsel. See Strickland, 466 U.S. at 689.
 
 
 10
 Accordingly, Miller's motion for counsel is denied and the district court's order denying the motion to vacate sentence is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.