865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tom S. ROBERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5632.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tom S. Roberson moves for counsel in his appeal from the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. Roberson pled guilty to one count of bank fraud and three counts of wire fraud and received a concurrent term of four years imprisonment, with three years probation. He was also ordered to pay $249,505 in restitution. Roberson claimed that he failed to understand that he was required to pay restitution as a consequence of his guilty plea, and that he was unfairly punished more than once for the same offense because he pled guilty to a multiple count indictment. The district court denied the motion as meritless. Roberson raises the same issues on appeal.
 
 
 3
 Upon review, we conclude that the district court properly denied Roberson relief because he failed to demonstrate that his criminal proceedings were inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783 (1979). First, due process was not offended in this case when the district court failed to advise Roberson of possible restitution. The plea hearing transcript shows that the judge at the plea hearing listened to the facts of the case, personally addressed the defendant, and advised him of his rights to plead innocent and have a jury trial. The judge determined that the plea was freely and voluntarily given. Specifically, the judge asked whether petitioner understood that he was forfeiting his right to a jury trial, and his right to face his accusers. The judge then asked if he still wished to plead guilty. Roberson said that he did. In addition, Roberson has not alleged that he would not have pled guilty if he had known about the possibility of restitution. Cf. United States v. Runck, 817 F.2d 470, 471 (8th Cir.1987).
 
 
 4
 Roberson raises three other arguments on appeal: (1) The government failed to honor the plea agreement; (2) The district court did not specify under which statute restitution was imposed; and (3) The district court did not consider appellant's financial condition prior to ordering restitution. We find appellant's claim that the government breached the plea agreement to be without merit for the reasons stated by the Magistrate:
 
 
 5
 The government made no agreement whatever as to any sentence, probation or conditions of probation that the defendant would receive. The government only agreed to dismiss all the counts of the indictment except counts 1, 3, 4 and 5 and to dismiss the case in its entirety against Mr. Roberson's wife. The government's counsel did precisely what he agreed to.
 
 
 6
 Appellant did not raise the final two claims before the district court; therefore, we will not consider these issues on appeal. United States v. Grewal, 825 F.2d 220, 223 (9th Cir.1987).
 
 
 7
 Accordingly, the motion for counsel is denied, and the district court's judgment denying the motion to vacate sentence is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.