892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. MORSE, Petitioner-Appellant,
v.
STATE OF MONTANA, Respondent-Appellee.
 No. 89-35078.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1989.*
Decided Dec. 12, 1989.
 
 1
 Before JAMES R. BROWNING and FLETCHER, Circuit Judges, and EDWARD C. REED, Jr.,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Robert E. Morse, a Montana state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition based on a claim of ineffective assistance of counsel with the appeal of his state court conviction. We affirm.
 
 FACTS
 
 4
 Morse was convicted of solicitation to encourage or facilitate aggravated kidnapping and deliberate homicide. He appealed his conviction. Dissatisfied with trial counsel, Morse requested different counsel for his appeal. The court granted Morse's request and appointed John Keith to represent Morse on appeal.
 
 
 5
 Keith reviewed the transcripts of Morse's trial and discussed the trial with Morse's trial attorney. Keith chose not to send the transcripts to Morse during the appeal because of the transcripts' length. He communicated with Morse regarding the appeal by letter and telephone calls. Morse wrote Keith to inform him that he had done a "fair job" in writing the appellant's brief, but requested that Keith meet with him to discuss the appeal. Keith and Morse apparently never met.
 
 
 6
 While his appeal was pending, Morse petitioned the Chief Justice of the Montana Supreme Court for appointment of new counsel on the basis that Keith had failed to answer his questions concerning the appeal and had not allowed Morse to discuss with counsel grounds for appeal. After reviewing Keith's response to Morse's allegations, the Montana Supreme Court denied Morse's petition. Subsequently, it affirmed Morse's conviction.
 
 
 7
 Morse then filed a petition for federal habeas corpus relief in the district court asserting, inter alia, that he was denied effective assistance of counsel with his state appeal by Keith's failure to communicate and consult with him concerning the appeal. The district court dismissed Morse's habeas petition without conducting an evidentiary hearing, holding that Morse had failed to demonstrate that he was denied effective assistance of counsel because he failed to demonstrate any prejudice resulting from Keith's failure to meet with him and discuss the appeal.
 
 STANDARD OF REVIEW
 
 8
 This court reviews de novo a district court's decision to grant or deny a petition for a writ of habeas corpus. Watson v. Estelle, 859 F.2d 105, 106 (9th Cir.1988).
 
 DISCUSSION
 
 9
 The sole issue on appeal is whether the district court erred by ruling that Morse had failed to demonstrate ineffective assistance of counsel with his state appeal. The sixth amendment extends the right to assistance of counsel to the first appeal of right. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Here, Morse was pursuing a direct appeal of his state conviction and was therefore entitled to effective assistance of counsel.
 
 
 10
 To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that the petitioner was prejudiced by counsel's defective representation. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986) (applying test to appellate counsel). In deciding whether a defendant was represented competently, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. An evidentiary hearing is required where the habeas corpus petitioner "has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 11
 Morse contends that Keith had a duty to consult with him to determine what grounds should be raised on appeal. However, Morse approved of the appellant's brief and failed to instruct Keith to raise any additional issues.[1] Moreover, lack of communication between attorney and client without resulting prejudice does not constitute ineffective assistance of counsel. See McCrae v. Blackburn, 793 F.2d 684, 688 (5th Cir.1986) (no ineffective assistance of counsel where habeas petition alleged counsel was unfamiliar with trial court proceedings and failed to consult with petitioner prior to filing appeal, but petitioner failed to show prejudice), cert. denied, 479 U.S. 965 (1986); United States v. Goudy, 792 F.2d 664, 672 (7th Cir.1986) (no ineffective assistance of counsel despite lack of communication between attorney and client for 10 weeks directly preceding trial absent showing that counsel was unprepared or otherwise prejudiced his client). Because Morse has failed to show any prejudice resulted from Keith's decision not to meet with him, the district court properly found no relief was warranted on that ground.
 
 
 12
 Morse further faults Keith for raising only two grounds on appeal. However, appellate counsel are charged with " 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1986) ( quoting Jones v. Barnes, 463 U.S. 745, 751 (1983)). Morse has failed to demonstrate that Keith's selection of arguments on appeal was unreasonable, let alone that it was prejudicial.[2] See Guam v. Santos, 741 F.2d 1167, 1168 (9th Cir.1984) (per curiam). Accordingly, the district court's dismissal is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Edward C. Reed, Jr., Chief United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The first time Morse suggested specific grounds that Keith should have raised on Morse's appeal was when he objected to the magistrate's findings and recommendation. With his objection, Morse attached a copy of a motion for new trial which was filed by his trial attorney and included ten grounds for a new trial. Morse has made no showing that Keith's failure to raise all of the grounds listed in the motion for new trial was unreasonable
 
 
 [2]
 Morse urges this court to grant him an evidentiary hearing so that he can testify as to what grounds should have been raised on his state appeal. He would have us require Keith to respond and explain why he believed the grounds raised by Morse did not have merit. See Appellant's Opening Brief at 10. Morse overlooks the fact that he has the burden of demonstrating ineffective assistance of counsel. See Strickland, 466 U.S. at 687. Moreover, because Morse failed to allege facts which, if proven, would entitle him to relief, such a hearing sought by Morse (in addition to being inappropriate in this court of review) is unwarranted. Cf. Norris, 878 F.2d at 1178 (petitioner entitled to evidentiary hearing in district court)