**Ricky Lee ROGERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 92–2590.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1993.
Decided March 19, 1993.

Ricky Lee Rogers, appellant pro se.

Dorothy L. McMurtry, St. Louis, MO, for appellee (Stephen B. Higgins and Dorothy L. McMurtry, on the brief).

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Ricky Lee Rogers, a federal prisoner in Missouri, appeals from the district court's denial of his 28 U.S.C. § 2255 motion. We affirm in part, and reverse in part and remand for development of the record as to one ineffective assistance claim.

In September 1985, Rogers pleaded guilty to two separate kidnapping charges in violation of 18 U.S.C. § 1201(a)(1). During the plea hearing, the trial court made sure that Rogers understood the charges against him, that he understood the plea agreement, and the he understood the rights he would waive by pleading guilty. The actual sentence that the government would recommend was not discussed. At no point during the hearing did the court specifically tell Rogers that the court did not have to accept the prosecutor's recommendation, and the court did not tell Rogers that if it rejected the recommended sentence he would not be permitted to withdraw his guilty plea. The court made an extensive inquiry into whether the plea had a factual basis, and told Rogers, at least twice, the potential sentences he faced. In October 1985, the court sentenced Rogers to two concurrent seventy-five-year terms of imprisonment with parole eligibility occurring after twenty-four years. Rogers did not raise a violation of Federal Rule of Criminal Procedure 11 on direct appeal. *See United States v. Hamilton,* 794 F.2d 1345 (8th Cir.1986).

In September 1991, Rogers filed this section 2255 motion. He alleged, among other issues, that his guilty plea was unlawfully and involuntarily made because the trial court failed to comply with Rules 11(c), 11(d), 11(e), 11(f), and 11(g); his guilty plea was involuntary because his trial counsel compelled him to plead; and he received ineffective assistance of counsel because trial counsel failed to advise him of Rule 11, failed to assure that the trial court complied with Rule 11, and neglected to raise on appeal the court's failure to comply with Rule 11.

The district court adopted the magistrate judge's report and concluded that the trial court, "either complied with each section of Rule 11 ..., or ... committed harmless error where it failed to follow Rule 11." With regard to Rule 11(e)(2), the court concluded that, because Rogers "had no right to withdraw the plea, the failure to inform him of that fact worked no prejudice on [him]." The district court also concluded that Rogers was not denied effective assistance of counsel because Rogers could not prove that, but for counsel's errors, the result of the proceeding would have been different, and that there was sufficient evidence and a factual basis for Rogers's guilty plea.

■■■■■ Rogers's arguments that the district court should be reversed because it failed to hold an evidentiary hearing as to the trial court's Rule 11 violations and failed to make a de novo review of the magistrate judge's recommendations are without merit. All of the information that the court needed to make its decision with regard to these claims was included in the record. The court, therefore, was not required to hold an evidentiary hearing. *See* Rule Governing Section 2255 Proceedings 8(a); *see also United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). In addition, there is no evidence that the district court failed to review de novo the magistrate judge's recommendations, and in any event, Rogers failed to make specific objections to the recommendations to require the district court to conduct de novo review. *See Nabors v. United States,* 929 F.2d 354, 355 (8th Cir.1990) (per curiam).

Rogers concedes that he did not raise on direct appeal the trial court's failure to comply with Rule 11, and he has made no attempt to assert cause and prejudice for this procedural default. Ordinarily, a section 2255 motion " 'may not do service for an appeal.' " *Reid v. United States,* 976

F.2d 446, 447 (8th Cir.1992) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)), *cert. denied*, —— U.S. ——, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993). Because the government did not raise procedural default and the district court considered the merits of the claims, however, we likewise reach the merits.

■ Violations of Rule 11 are cognizable in section 2255 motions only if they create "(1) an error which is jurisdictional or constitutional; (2) a defect which results in a 'miscarriage of justice;' (3) an omission inconsistent with the 'rudimentary demands of fair procedure;' or (4) 'extraordinary circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Harvey v. United States*, 850 F.2d 388, 394 (8th Cir.1988) (quoting *United States v. Timmreck*, 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979)). After carefully reviewing the record, we conclude that the trial court substantially complied with the requirements of Rules 11(c), 11(d), 11(f), and 11(g). We also conclude that Rogers's argument that he is entitled to relief because the trial court failed to inform him about the parole limitations provided in 18 U.S.C. § 4205(b)(1) is meritless. *Cf. Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); *but see Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir.) (en banc) (attorney's failure to correctly inform client about parole eligibility can amount to constitutional violation if it directly affects decision to plead guilty), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990). Rogers did not allege in his motion or in other pleadings before the district court that he would not have pleaded guilty if the trial court or his attorney had correctly informed him regarding parole eligibility. *See United States v. C.W.E.H.*, 838 F.2d 993, 994 (8th Cir.1988) (per curiam). "Thus, 'even if Rule 11 was violated [by the court's failure to advise him regarding parole eligibility], postconviction relief would not be appropriate, because the violation is not causally connected to [Rogers's] plea and conviction.'" *Id.* at 994 (quoting *United States v. Runck*, 817 F.2d 470, 471 (8th Cir.1987)).

■ We agree with Rogers that the trial court failed to comply with the requirements of Rule 11(e)(2), which requires disclosure of the plea agreement in open court and provides that "[i]f the [plea] agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea." The plea agreement here is of the type specified in Rule 11(e)(1)(B), but the trial court's failure to comply with Rule 11(e)(2) does not merit collateral relief unless the petitioner satisfies the requirements of *Timmreck*. *See Good Bird v. United States*, 752 F.2d 349, 351 (8th Cir. 1985). We conclude, however, that Rogers has not shown that the district court's errors—failure to disclose the recommended sentence and to advise Rogers that he could not withdraw his plea—were jurisdictional or constitutional, caused a miscarriage of justice, violated the rudimentary demands of fair procedure, or were made in a case presenting extraordinary circumstances that merit collateral relief. As a result, we conclude that the trial court's failure to comply with Rule 11(e)(2) does not entitle Rogers to section 2255 relief.

■ Rogers, however, also claims that appellate counsel rendered ineffective assistance by failing to raise the Rule 11 violation on direct appeal. "A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right." *Estes v. United States*, 883 F.2d 645, 648 (8th Cir.1989) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985)). To establish ineffective assistance of counsel, a defendant must show counsel's representation "'fell below an objective standard of reasonableness,' . . . and that, but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different." *United States v. Long*, 857 F.2d 436, 442 (8th Cir.1988) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674

(1984)). If Rogers had raised the trial court's failure to comply with Rule 11(e)(2) on direct appeal, this court would have been required to presume prejudice, reverse the conviction, and remand with instructions to allow Rogers to plead anew. *See United States v. Missouri Valley Constr. Co.*, 704 F.2d 1026, 1029–30 (8th Cir.1983) (appellant is not required to show prejudice to obtain relief for district court's "failure to comply with the clear mandate of [R]ule 11(e)"). As a result, we reverse the dismissal of this ineffectiveness claim. We remand for a hearing on the issue of whether counsel's failure to raise on appeal the trial court's lapse regarding Rule 11(e)(2) constituted ineffective assistance. *See Estes*, 883 F.2d at 649.

With regard to Rogers's other claims of ineffective assistance, we conclude that Rogers has failed to allege that, but for counsel's alleged errors, there is a reasonable probability that the results of the proceedings would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.