**Ricky Lee ROGERS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 92–2590.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1993.

Decided Aug. 4, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 10, 1993.

Alan W. Cohen, St. Louis, MO, for plaintiff-appellant.

Ricky Lee Rogers, pro se.

Dorothy L. McMurtry, St. Louis, MO (Stephen B. Higgins and Dorothy L. McMurtry on brief), for defendant-appellee.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Ricky Lee Rogers, a federal prisoner in Missouri, appeals from the district court's [1] denial of his 28 U.S.C. § 2255 motion. We affirm.

In September, 1985, Rogers pleaded guilty to two separate kidnapping charges in violation of 18 U.S.C. § 1201(a)(1). During the plea hearing, the trial court made sure that Rogers understood the charges against him, that he understood the plea agreement, and that he understood the rights he would waive by pleading guilty. The actual sentence that the government would recommend was not discussed. At no point during the hearing did the court specifically tell Rogers that the court did not have to accept the prosecutor's recommendation, and the court did not tell Rogers that if it rejected the recommended sentence he would not be permitted to withdraw his guilty plea. The court made an extensive inquiry into whether the plea had a factual basis and told Rogers, at least twice, the potential sentences he faced. In October, 1985, the court sentenced Rogers to two concurrent 75–year terms of imprisonment, with parole eligibility occurring after 24 years. Rogers did not raise a violation of Federal Rule of Criminal Procedure 11 on direct appeal. *See United States v. Hamilton,* 794 F.2d 1345 (8th Cir.1986).

In September, 1991, Rogers filed this section 2255 motion. He alleged, among other issues, that his guilty plea was unlawfully and involuntarily made because the trial court failed to comply with Rules 11(c), 11(d), 11(e), 11(f), and 11(g); that his guilty plea was involuntary because his trial counsel compelled him to plead; and that he received ineffective assistance of counsel because trial counsel failed to advise him of Rule 11, failed to assure that the trial court complied with Rule 11, and neglected to raise on appeal the court's failure to comply with Rule 11.

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

The district court adopted the magistrate judge's report, which concluded that the trial court "either complied with each section of Rule 11 ... or ... committed harmless error where it failed to follow Rule 11." With regard to Rule 11(e)(2), the court adopted the magistrate judge's conclusion that because Rogers "had no right to withdraw the plea, the failure to inform him of that fact worked no prejudice on [him]." The district court also adopted the magistrate judge's conclusions, first, that Rogers was not denied effective assistance of counsel because Rogers could not prove that, but for counsel's errors, the result of the proceeding would have been different, and, second, that there was sufficient evidence and a factual basis for Rogers's guilty plea.

■ Rogers's arguments that the district court should be reversed because it failed to hold an evidentiary hearing as to the trial court's Rule 11 violations and failed to make a de novo review of the magistrate judge's recommendations are without merit. All of the information that the court needed to make its decision with regard to these claims was included in the record. The court, therefore, was not required to hold an evidentiary hearing. *See* Rule Governing Section 2255 Proceedings 8(a); *see also United States v. Raddatz,* 447 U.S. 667, 674, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980). In addition, there is no evidence that the district court failed to review de novo the magistrate judge's recommendations, and in any event, Rogers failed to make such specific objections to the recommendations as would require the district court to conduct de novo review. *See, e.g., Nabors v. United States,* 929 F.2d 354, 355 (8th Cir.1990) (*per curiam*).

■ Rogers concedes that he did not raise on direct appeal the trial court's failure to comply with Rule 11, and he has made no attempt to assert cause and prejudice for this procedural default. Ordinarily, a section 2255 motion " 'may not do service for an appeal.' " *Reid v. United States,* 976 F.2d 446, 447 (8th Cir.1992), *cert. denied,* ── U.S. ──, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993), quoting *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816

(1982). Because the government did not raise procedural default and the district court considered the merits of the claims, however, we likewise reach the merits.

■ Violations of Rule 11 are cognizable in section 2255 motions only if they create "(1) an error which is jurisdictional or constitutional; (2) a defect which results in a 'miscarriage of justice'; (3) an omission inconsistent with the 'rudimentary demands of fair procedure'; or (4) ' " 'extraordinary circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' " ' " *Harvey v. United States,* 850 F.2d 388, 394 (8th Cir.1988), quoting *United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979), itself quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), quoting *Bowen v. Johnston,* 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939). (*Timmreck, Hill,* and *Bowen* actually say "exceptional circumstances" rather than "extraordinary circumstances.") After carefully reviewing the record, we conclude that the trial court substantially complied with the requirements of Rules 11(c), 11(d), 11(f), and 11(g).

■ We also conclude that Rogers's argument that he is entitled to relief because the trial court failed to inform him about the parole limitations provided in 18 U.S.C. § 4205(b)(1) is meritless. *See, e.g., Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); *but see Hill v. Lockhart,* 894 F.2d 1009, 1010 (8th Cir.1990) (*en banc* ), *cert. denied,* 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990) (attorney's failure correctly to inform client about parole eligibility can amount to constitutional violation if it directly affects decision to plead guilty). Rogers did not allege in his motion or in other pleadings before the district court that he would not have pleaded guilty if the trial court or his attorney had correctly informed him regarding parole eligibility. *See, e.g., United States v. C.W.E.H.,* 838 F.2d 993, 994 (8th Cir.1988) (*per curiam* ). "Thus, 'even if [Rule 11] was violated [by the court's failure to advise him regarding parole eligibility], postconviction relief would not be appropriate, because the violation is not causal-

ly connected to [Rogers's] plea and conviction.'" *Id.* at 994, quoting *United States v. Runck,* 817 F.2d 470, 471 (8th Cir.1987).

■ We agree with Rogers that the trial court failed to comply with the requirements of Rule 11(e)(2), which requires disclosure of the plea agreement in open court and provides that "[i]f the [plea] agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea." The plea agreement here is of the type specified in Rule 11(e)(1)(B), but the trial court's failure to comply with Rule 11(e)(2) does not merit collateral relief unless the petitioner satisfies the requirements of *Timmreck. See, e.g., Good Bird v. United States,* 752 F.2d 349, 351 (8th Cir.1985). We conclude, however, that Rogers has not shown that the district court's errors—failure to disclose the recommended sentence and to advise Rogers that he could not withdraw his plea—were jurisdictional or constitutional, caused a miscarriage of justice, violated the rudimentary demands of fair procedure, or were made in a case presenting exceptional circumstances that merit collateral relief. As a result, we conclude that the trial court's failure to comply with Rule 11(e)(2) does not entitle Rogers to section 2255 relief.

■ Rogers also claims that appellate counsel rendered ineffective assistance by failing to raise the Rule 11 violation on direct appeal. "A criminal defendant is entitled to effective assistance of counsel on a first appeal as of right." *Estes v. United States,* 883 F.2d 645, 648 (8th Cir.1989). To establish ineffective assistance of counsel, a defendant must show that counsel's representation " 'fell below an objective standard of reasonableness,' ... and that, but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different." *United States v. Long,* 857 F.2d 436, 442 (8th Cir.1988), quoting *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

In *United States v. Missouri Valley Construction Co.,* 704 F.2d 1026, 1030 (8th Cir. 1983), we held that a petitioner was not required to show prejudice in order to obtain relief for the district court's "failure to comply with the clear mandate of [R]ule 11(e)." After that case was decided, however, Rule 11 was amended by adding Rule 11(h), which provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Our holding in *Missouri Valley Construction Co.,* therefore, is no longer good law, because under this harmless-error standard prejudice resulting from the failure to adhere to Rule 11(e) must be shown. In this case, a strict compliance with Rule 11 would not have revealed to the defendant the aspect of his sentence with which he now expresses dissatisfaction, namely, the time that he must serve in order to be eligible for parole. The error was therefore harmless and thus counsel cannot have been ineffective for failure to raise it on appeal. *See, e.g., Strickland,* 466 U.S. at 691, 693–94, 697, 104 S.Ct. at 2066, 2067–68, 2069; *Carsetti v. State of Maine,* 932 F.2d 1007, 1014 (1st Cir.1991); *United States v. Nino,* 878 F.2d 101, 103–05 (3d Cir.1989); and *McCrae v. Blackburn,* 793 F.2d 684, 688 (5th Cir.1986), *cert. denied,* 479 U.S. 965, 107 S.Ct. 466, 93 L.Ed.2d 411 (1986).

With regard to Rogers's other claims of ineffective assistance, we conclude that Rogers has failed to allege that, but for counsel's alleged errors, there is a reasonable probability that the results of the proceedings would have been different. *See, e.g., Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Accordingly, we affirm.