45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 James Davis CALLAWAY, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2256.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 26, 1994.
Filed: Jan. 3, 1995.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Callaway appeals from the final judgment entered in the District Court[1] denying his 28 U.S.C. Sec. 2255 motion. For the reasons set forth below, we affirm.
 
 
 2
 Callaway was convicted of knowingly transferring a firearm knowing it would be used to commit a crime of violence, in violation of 18 U.S.C. Sec. 924(g) (1988).[2] He appealed and this Court affirmed. United States v. Callaway, 938 F.2d 907 (8th Cir. 1991). Callaway was later acquitted in state court of conspiracy to commit aggravated robbery. He then filed this Sec. 2255 motion, asserting that his acquittal in state court precluded his conviction under Sec. 924(g), and that his counsel was ineffective in failing to challenge the jurisdiction of the District Court, thus allowing the federal prosecution to proceed before the state prosecution. He also claimed he was erroneously sentenced.
 
 
 3
 We review de novo the denial of Callaway's Sec. 2255 motion and, as it was denied without a hearing, will affirm only if the motion, files, and records conclusively show he is not entitled to relief. See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992). We reject Callaway's contention that Sec. 924(g) requires the government to prove Callaway committed an independent crime of violence. See Rogers v. United States 1 F.3d 697, 699 (8th Cir. 1993) (per curiam) (court can address merits of Sec. 2255 claim if procedural bar defense not raised in district court). The statute punishes "[w]hoever knowingly transfers a firearm, knowing that such firearm will be used to commit a crime of violence." The statute does not indicate that the transferor must be the one who will use the gun, and this Court previously concluded that "[t]he evidence fully supports Callaway's conviction." Callaway, 938 F.2d at 909-10. In addition, because Callaway's conviction under Sec. 924(g) was not contingent upon the government proving he committed a crime of violence, he was not prejudiced by his counsel's failure to challenge federal jurisdiction. See Otey v. Grammer, 859 F.2d 575, 577 (8th Cir. 1988) (when addressing ineffective assistance of counsel claim, court need not examine both elements if one element lacking), cert. denied, 497 U.S. 1031 (1990).
 
 
 4
 We further conclude that Callaway is barred from raising his sentencing claims in this Sec. 2255 motion because he failed to raise them on direct appeal, and he has neither established cause and prejudice for this omission, nor shown that a fundamental miscarriage of justice occurred. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam).
 
 
 5
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Garnett Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 This provision has since been recodified as 18 U.S.C. Sec. 924(h)