_____

No. 95-2306
_____

Steven W. St. John,            *
                               *
        Appellant,             *
                               *  Appeal from the United States
    v.                         *  District Court for the
                               *  Western District of Missouri.
United States of America,      *
                               *  [UNPUBLISHED]
        Appellee.              *

_____

Submitted:  December 21, 1995

Filed:  January 3, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Steven W. St. John appeals from the district court's[1] order denying his 28 U.S.C. § 2255 motion to vacate his sentence. We affirm.

St. John pleaded guilty pursuant to a plea agreement to narcotics offenses, in violation of 21 U.S.C. §§ 841 and 846. The plea agreement provided, inter alia, that the base offense level of 30 would be increased three levels under U.S.S.G. § 3B1.1(b), because St. John "occupied a position of manager or supervisor of a criminal activity that involved five or more participants or was otherwise extensive"; and that St. John was entitled to a two-level reduction under section 3E1.1, for acceptance of responsibility.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

The presentence report (PSR) recommended a four-level adjustment for St. John's role in the offense under section 3B1.1(a), because he was a leader, directing and controlling the activities of others of a criminal activity involving five or more persons. The government objected to the four-level increase. At sentencing, the district court adopted the PSR, including the characterization of St. John as a leader or organizer, and sentenced St. John to 121 months (based on a Guidelines range of 121 to 151 months), 3 years supervised release, and a $6,000 fine. St. John did not file a direct criminal appeal.

St. John moved to vacate his sentence, claiming he received ineffective assistance of counsel when counsel failed to object to the factual allegations in the PSR and failed to object to the four-level increase under section 3B1.1(a). St. John asserted for the first time that there were only four participants in the conspiracy, and thus section 3B1.1(c) applied.

Addressing the merits, the district court concluded St. John was not entitled to section 2255 relief. The court concluded counsel was not deficient for failing to argue for a two-level adjustment under section 3B1.1(c), because St. John had admitted to being a manager or supervisor in the plea agreement, or for failing to argue for a three-level adjustment under section 3B1.1(b) because such an argument could have jeopardized the two-level decrease for acceptance of responsibility and St. John had conceded in his section 2255 motion he "organized and recruited" two participants. In addition, the court determined St. John was not prejudiced because the government had advanced the same argument. As for counsel's alleged failure to object to false factual allegations in the PSR, the court concluded St. John had not set forth any specific inaccuracies.

Because the district court addressed the merits of the

ineffective-assistance claim, we do so as well.  See Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993) (per curiam).

St. John's ineffective-assistance claim is governed by Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing of both deficient performance and resulting prejudice. We conclude, even if counsel was deficient in failing to object to factual inaccuracies in the PSR, St. John has not proven prejudice. St. John is not subject to a two-level adjustment under section 3B1.1(c), because he admitted in the plea agreement he was a manager or supervisor of a criminal activity involving five or more participants.  In addition, St. John was not prejudiced by counsel's failure to assert that he should not have received a four-level adjustment under section 3B1.1(a), because the government did so for him.  Moreover, by leaving the argument for the government to assert, counsel preserved St. John's acceptance-of-responsibility reduction.  See U.S.S.G. § 3E1.1(a) & comment. (n.1(a)) (defendant who falsely denies relevant conduct which sentencing court determines to be true has acted in manner inconsistent with acceptance of responsibility).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-