UNITED STATES of America,
Plaintiff-Appellee,

v.

William R. ADAIR,
Defendant-Appellant.

No. 87–5166
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 8, 1987.

Theodore J. Sakowitz, Federal Public Defender, Richard C. Klugh, Jr., Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Linda Collins-Hertz, David O. Leiwant, Sonia Escobio O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

PER CURIAM:

Appellant William Adair plead guilty to one count of a two-count indictment charging him with possession of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Pursuant to this plea, Adair was initially sentenced to three years imprisonment followed by a six-year special parole term. After he filed a motion to reduce sentence pursuant to Fed.R.Crim.P. 35, the district court reduced his previous sentence to three years imprisonment, suspended, and five years probation. On September 12, 1986, another district judge revoked Adair's probation and sentenced him to two years imprisonment followed by a six-year special parole term. The judge ordered

that this sentence be served consecutively to a five-year sentence for a state conviction, which the state court had specifically made concurrent with the federal sentence. Adair subsequently filed this Rule 35 motion to correct his new sentence, which the district court denied without a hearing. Finding no error, we affirm.

▮ Adair's first argument is based upon the language of 18 U.S.C. § 3653, which provides that upon revocation of probation the court may require the probationer to serve only the sentence previously imposed, or any lesser sentence. Adair argues that the six-year special parole term imposed upon revocation of his probation is an impermissible increase in his prior suspended sentence, which included no special parole term. However, this argument overlooks the fact that the appropriate penalty section for the crime charged, section 841(b)(1)(B), specifically provides that where the defendant has a prior drug-related state conviction, "[a]ny sentence imposing a term of imprisonment under this paragraph shall ... impose a special parole term of at least six years in addition to such term of imprisonment." Because Adair apparently has a prior California narcotics conviction, the statute mandates that he receive such a special parole term. In reducing Adair's sentence pursuant to his initial Rule 35 motion, the first district judge failed to impose the minimum special parole term required by the statute. Upon revocation of probation, the second judge merely corrected the erroneous and illegal sentence imposed by the first judge; his action therefore cannot be characterized as imposing a harsher sentence than that previously imposed.

▮ Where the requirements of the relevant sentencing statute have not been met, "the proper remedy is to resentence the defendant to an enhanced penalty in accordance with the statutory requirements, not reduce the enhancement portion of the sentence." United States v. Purcell, 715 F.2d 561, 564 (11th Cir.1983) (citations omitted). This Court has specifically held that when the district court becomes aware that the mandatory special parole term required by section 841(b)(1) has not been imposed, the district court has a duty to comply with the statute and impose the penalty provided therein. Caille v. United States, 487 F.2d 614, 615 (5th Cir.1973); accord United States v. Connolly, 618 F.2d 553, 555 (9th Cir.1980); United States v. Brock, 507 F.2d 1114, 1115–16 (D.C.Cir. 1974); Garcia v. United States, 492 F.2d 395, 398 (10th Cir.), cert. denied, 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142 (1974). Clearly, the provisions of section 3653 prohibiting the court from imposing a greater sentence after revocation of probation does not affect the power of the court to correct a sentence which is invalid under the relevant sentencing statute. See Fed.R. Crim.P. 35(a) (court may correct illegal sentence at any time).

▮ Adair's second argument, that the district court did not have the power to order that his federal sentence be served consecutively to his state sentence, is also meritless. "A person who has violated the criminal statutes of both Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir.1980) (quoting Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950)); accord Jeter v. Keohane, 739 F.2d 257, 258 (7th Cir.1984). Accordingly, we find that it is within the district court's power to order that a federal sentence not begin until the completion of a state sentence. See United States v. Thornton, 710 F.2d 513, 516 (9th Cir.1983) (and cases cited therein).

AFFIRMED.