**James Edward HARDING,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 87–7781
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 9, 1988.

---

Cliff Heard, Montgomery, Ala., for petitioner-appellant.

James Eldon Wilson, U.S. Atty., David L. Allred, Asst. U.S. Atty., Montgomery, Ala., for respondent-appellee.

Before RONEY, Chief Judge, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

On April 19, 1976, petitioner James Edward Harding escaped from an Alabama state prison where he had been serving concurrently a ten-year federal sentence for a post office burglary and an aggregate state sentence of 39 years, imposed for robbery and assault with intent to commit robbery. After Harding was apprehended, he pled guilty to a federal escape charge and was sentenced to two years "not to run concurrently with any sentence heretofore imposed."

After Harding had served his ten-year federal sentence, he learned that a federal detainer had been lodged against him with Alabama prison authorities. Harding was informed that the detainer would remain in effect until he had served the remaining years of his state sentence, at which time he would be taken into federal custody to serve his two-year sentence for escape. Seeking to have the detainer lifted, Harding filed a motion pursuant to 28 U.S.C.A. § 2255, contending that his escape sentence should run consecutively to his federal sentence, but concurrently with his state sentence. The district court rejected Harding's argument, holding that the sentencing judge had the authority to order that the escape sentence run consecutively to the state sentence, and that the judge had clearly manifested his intention that the sentence be served in this manner. We affirm.

Harding acknowledges that under *United States v. Adair*, 826 F.2d 1040 (11th Cir.1987), a federal court has the authority to impose a federal sentence consecutive to a state sentence. He attempts to distinguish the case in two ways:

*First*, he argues that *Adair* reflects a change in the law. Harding asserts that when he was sentenced, August 6, 1976, the prevailing law did not permit the imposition of a federal sentence consecutive to a state sentence. In support of this proposition, Harding relies on two Ninth Circuit cases: *United States v. Terrovona*, 785 F.2d 767 (9th Cir.), *cert. denied*, 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 553 (1986), and *United States v. Williams*, 651 F.2d 644 (9th Cir.1981). Ninth Circuit cases are not precedent and do not establish the law in this Circuit.

Our review of the cases reveals that *Adair* was not new law but rather had its roots in cases of this Circuit. For example, in 1980, a panel of the Fifth Circuit held that "the federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first...." *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir.1980). In reaching this decision the Court in *Causey* relied on two earlier Fifth Circuit cases, *Lamb v. Heritage*, 310 F.2d 71 (5th Cir.1962) and *Harrell v. Shuttleworth*, 200 F.2d 490 (5th Cir.1952), observing that "[i]n both of these cases the petitioners were serving state sentences. Subsequently imposed federal sentences were ordered to commence as soon as the state sentences were completed." *Causey*, 621

F.2d at 694. In 1976, a district court in this Circuit did have authority to impose a federal sentence consecutive to an existing state sentence.

*Second*, Harding contends that the factual situation presented in his case is distinguishable from that presented in *Adair*. In *Adair*, the defendant was serving a state sentence and was not allowed to begin serving his federal sentence until completion of the state sentence. Here, Harding was actually serving a federal sentence by designation in a state prison when he was sentenced for the federal crime of escape. Harding argues that since he had begun serving one federal sentence, the consecutive sentence for escape should follow immediately after this first federal sentence, instead of following his state sentence.

Harding cites no authority for the proposition that once a federal sentence has commenced, a federal court may not impose a second federal sentence to run consecutively to a state sentence being served concurrently with the original federal sentence. There is no logical reason that a federal court could order a sentence to run consecutive to a state sentence *only* if no federal sentence was being served at the time. When Harding was sentenced, the district court was aware that he was serving a state sentence which was longer than the federal sentence he was also serving. When the district court ordered that the escape sentence be served consecutively to "any sentence heretofore imposed," it manifested its intent that defendant serve jail time for the crime of escape beyond that previously imposed by either state or federal courts. It had the authority to do that. The district court here properly left undisturbed the detainer which has been lodged against Harding seeking to carry out the sentencing judge's intent.

AFFIRMED.