_____

No. 95-3292
_____

Charles R. Hendrix,                 *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Western District of Arkansas.
Larry Norris, Director, Arkansas*
Department of Correction,           *
                                    *
          Appellant.                *


_____

          Submitted:  March 11, 1996

            Filed:  April 22, 1996
_____


Before MAGILL, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MAGILL, Circuit Judge.


     Charles R. Hendrix brought this 28 U.S.C. § 2254 action in the United
States District Court for the Western District of Arkansas,[1] petitioning
for a writ of habeas corpus against the Director of the Arkansas Department
of Correction (Director).  Hendrix alleged that the Director was improperly
requiring him to serve consecutive state and federal sentences, when the
sentences should have been concurrent.  The district court found that
Hendrix was entitled to relief and granted the writ of habeas corpus.  We
vacate the district court's judgment and remand to the district court to

_____

     [1]On agreement of the parties and pursuant to 28 U.S.C.
§ 636(c), the case was referred to a United States magistrate judge
for disposition.

consider his petition for a writ of habeas corpus as a petition for a writ of error coram nobis.

## I.

On December 2, 1991, Hendrix pled guilty in Arkansas state court to one count of breaking and entering, two counts of burglary, and one count of robbery. In accordance with a plea agreement, Hendrix was sentenced to concurrent six- and twenty-year sentences. On January 23, 1992, Hendrix pled guilty in the United States District Court for the Western District of Arkansas to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to a term of thirty months imprisonment and three years supervised relief, and ordered to pay a $1000 fine. Hendrix's federal public defender, who did not represent him in state court, advised the federal court that any problems with the concurrency of Hendrix's state and federal sentences could be resolved in state court. In its sentence, the district court did not address whether Hendrix's federal sentence was to be served concurrently with his state sentence. The Arkansas state court issued an amended judgment and order on February 3, 1992, declaring that the December 2, 1991 sentences were to run concurrently with Hendrix's federal sentence.

Hendrix began serving his state sentences. In July 1992, Hendrix was told by the Arkansas Department of Corrections that he was to serve his federal sentence consecutively to his state sentences, and that the Federal Bureau of Prisons would not accept him until he had served his Arkansas sentence. Hendrix moved to withdraw his state guilty plea, alleging that the state had breached his plea agreement because his federal sentence was not concurrent to his state sentences. Hendrix's motion was denied in state court, and he did not appeal.

Hendrix brought the instant action in July 1994, again

-2-

alleging that the state had breached his plea agreement. Following an evidentiary hearing, the district court held that, while Hendrix had failed to pursue all available state postconviction relief, it would exercise its "equitable power to look beyond a state procedural bar and proceed to the merits of a habeas corpus petition." Mem. Op. at 7 (quoting McCleskey v. Zant, 499 U.S. 467, 490 (1991)). The district court then found that Hendrix had entered his guilty plea in reliance on the plea agreement that his state and federal sentences would run concurrently, and that the plea agreement had been effectively breached by the consecutive running of the sentences. This breach invalidated Hendrix's guilty plea and entitled him to relief. The district court ordered the Director to release Hendrix from state custody to the custody of the Federal Bureau of Prisons in order for Hendrix to serve his federal sentence. Upon the completion of his federal sentence, Hendrix was to be returned to state custody, to serve the rest of his state sentences.

## II.

When considering a petition for a writ of habeas corpus, we review the district court's legal conclusions de novo. Dodd v. Nix, 48 F.3d 1071, 1073 (8th Cir. 1995).

We find no grounds for a successful habeas action against the state in this case. Pursuant to a plea agreement, Hendrix pled guilty to several serious criminal charges, and received a far lighter sentence than he might have received had his case gone to trial. See Appellant's App. at 66 (sixty-six-year possible sentence). To date, Hendrix has served only a fraction of his six-and twenty-year concurrent sentences in state custody. Rather than breaching its agreement with Hendrix, the state scrupulously honored the plea bargain: the state requested that Hendrix serve his state sentences concurrently with his federal sentence, and the state court entered such an order. That federal prosecutors did

not make a similar request in federal court does not mean that the state breached its plea agreement; "state prosecutors cannot bind federal prosecutors without the latter's knowledge and consent." United States v. Fuzer, 18 F.3d 517, 520 (7th Cir. 1994). Neither is the state court responsible for the federal court's imposition of a consecutive sentence: the discretion of a federal sentencing court cannot be limited by a state court's judgment. See United States v. Adair, 826 F.2d 1040, 1041 (11th Cir. 1987) (per curiam) (federal court could impose sentence consecutive to state sentence, although state court had imposed a concurrent sentence).

We disagree with the district court's conclusion that Hendrix's guilty plea in the state court was invalid. We assume, without accepting, that the state court's apparent failure to warn Hendrix that the federal court need not impose a concurrent sentence could result in an invalid guilty plea. See, e.g., Finch v. Vaughn, 67 F.3d 909, 916 (11th Cir. 1995) (habeas petitioner's plea-bargained guilty plea in state court was involuntary because no one had explained that the federal court could reject the state court's imposition of concurrent state and federal sentences). Hendrix, however, testified during the district court's evidentiary hearing that, even if it had been explained to him that his guilty plea in state court could have no effect on his federal sentence, he would still have pled guilty. See Tr. of evidentiary hr'g at 31. Because Hendrix would have pled guilty had he possessed this information, his plea is not rendered involuntary in its absence. See Rogers v. United States, 1 F.3d 697, 699-700 (8th Cir. 1993) (per curiam) (guilty plea valid where sentencing court's failure to inform defendant of parole eligibility was not "causally connected to [defendant's] plea and conviction" (quotations omitted)). Because Hendrix's guilty plea in the state court was valid, the district court erred in issuing a writ of habeas corpus against the

-4-

state.[2]

## III.

The problem with Hendrix's sentences, if a problem indeed exists, lies with his federal sentence. While it is clear that the state court intended Hendrix to serve concurrent state and federal sentences, the intent of the federal sentencing court is uncertain. The district court made no mention of whether Hendrix's federal sentence was to run concurrently with his state sentence. Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Normally, therefore, we would conclude from the district court's silence that it intended Hendrix's sentences to run consecutively.

We are concerned, however, that such an assumption may work an injustice in this case. There is some evidence that federal prosecutors also agreed to seek concurrent state and federal sentences, see Mem. Op. at 8, and the federal sentencing court was apparently misinformed by Hendrix's public defender that problems with concurrency of sentences could be dealt with by the state court. Id. at 9.

Because Hendrix has not yet begun to serve his federal sentence, the proper means of challenging it is to petition for a writ of error coram nobis against the proper federal defendants. See Zabel v. United States Attorney, 829 F.2d 15, 17, (8th Cir. 1987) (per curiam). We therefore vacate the district court's grant of a writ of habeas corpus, and remand this case to the district court for consideration as a petition for a writ of error coram

_____

[2]Because we have determined that the district court improperly granted habeas relief on the merits, we need not consider the Director's argument that the district court erred in forgiving Hendrix's procedural default.

nobis.

Heaney, Circuit Judge, dissenting.

I respectfully dissent for the reasons stated by the district court. Although it is my hope that a writ of error coram nobis will serve the same ultimate purpose as the writ of habeas corpus granted by the district court, I believe that the remand--except with directions to remove the federal detainer--is an unnecessary step.  In light of the prosecutor's agreement and all the parties' expressed intent, I believe the interests of justice would best be served by the approach taken by the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.