# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3210NI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Northern District |
| | * | of Iowa. |
| Arthur William Otters, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 1999

Filed: December 14, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Iowa police officer Robert Conrad stopped Arthur Otters for driving with expired license plates, and following a consensual search, Conrad and another officer discovered marijuana, methamphetamine, and drug paraphernalia. Conrad arrested Otters, and after he made self-incriminating statements involving drug-trafficking activities, Otters was charged with conspiring to distribute and possess with intent to distribute 100 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Otters moved to suppress statements made to law enforcement officers after the search of his car, arguing that the statements were made

involuntarily. Following a suppression hearing, the District Court[1] denied the motion. Otters then entered a conditional plea of guilty, reserving his right to appeal the denial of his motion to suppress. Otters now appeals the denial, contending that he made incriminating statements only after law enforcement officers promised him no charges would be filed if he cooperated with them, and that the promise rendered his subsequent statements involuntary. We affirm.

We review de novo the issue whether a confession was voluntary, but review for clear error the district court's factual determinations underlying the decision. See United States v. Kilgore, 58 F.3d 350, 353 (8th Cir. 1995). The test for determining the voluntariness of a confession is "whether the confession was extracted by threats, violence, or direct or implied promises, such that the defendant's 'will [was] overborne and his capacity for self-determination critically impaired.'" See id. (quoted case omitted).

At the suppression hearing, Conrad testified that he read Otters his Miranda[2] rights, and told him that if he cooperated with law enforcement officers, no state charges associated with the traffic stop would be filed. According to Conrad, he indicated clearly that the promise of leniency encompassed only the state charges. Otters indicated he would cooperate, and Special Agent Sean McCullough of the Iowa Division of Narcotics Enforcement then interviewed Otters. It was during that interview that Otters made the incriminating statements. McCullough testified that during a subsequent meeting between McCullough and Otters, they discussed a plea agreement, which provided that Otters would plead guilty to a federal conspiracy drug

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the Honorable John A. Jarvey, Chief United States Magistrate Judge for the Northern District of Iowa.

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

charge.  After reading the plea agreement, Otters initialed each paragraph and signed the agreement.  Otters later declined to enter the guilty plea, and a federal grand jury charged him with the violation underlying this appeal.  Otters testified that he had agreed to cooperate with the officers because he understood no state or federal charges would be filed, and that the officers told him he would "probably walk free" if he helped them.

Following the hearing, the Magistrate Judge recommended denying the motion to suppress, rejecting Otters's claim that his statements were made involuntarily.  In assessing the voluntariness of the statements, the Magistrate Judge found that Conrad had promised only that state charges would not be filed, that the agreement required Otters to cooperate with police in exchange for dismissal of charges arising from the traffic stop only, that Conrad had read Otters his Miranda rights, and that Otters had understood the warnings and agreed to talk with police.  The District Court adopted the Magistrate Judge's report and denied the motion to suppress.

Otters conceded McCullough did not have the authority to bind the federal government, and no evidence showed Conrad had such authority.  See Hendrix v. Norris, 81 F.3d 805, 807 (8th Cir. 1996); United States v. Fuzer, 18 F.3d 517, 520-21 (7th Cir. 1994); United States v. Roberson, 872 F.2d 597, 611 (5th Cir.), cert. denied, 493 U.S. 861 (1989); United States v. Kettering, 861 F.2d 675, 678 (11th Cir.1988).

On the basis of Conrad's and McCullough's testimony, which the District Court believed, see United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993), we conclude the Court did not err in denying the motion to suppress.  The promise of leniency--not to file charges associated with the traffic stop--was not enough by itself to make Otters's statements involuntary.  See Kilgore, 58 F.3d at 353 (promise of leniency does not in itself make statement involuntary); see also United States v. Mendoza, 85 F.3d 1347, 1350 (8th Cir. 1996) (fact that Miranda warnings were given "weighs in favor of a voluntariness finding"); cf. United States v. Rutledge, 900 F.2d

1127, 1127-28, 1131 (7th Cir.) (after defendant was arrested for selling "modest" amount of drugs, he waived <u>Miranda</u> rights and confessed because police told him that "all cooperation is helpful"; confession was voluntary), <u>cert. denied</u>, 498 U.S. 875 (1990). No other facts in the record regarding Otters's personal characteristics and history or the conduct of the police officers would support a finding that his will was overborne.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.