[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15782
Non-Argument Calendar

_____

D. C. Docket No. 95-00448-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK CUNNINGHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 21, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Derrick Cunningham, a state prisoner proceeding *pro se*, appeals

the district court's order denying his request for a hearing on his supervised release violation.

While Cunningham was on supervised release after completion of his sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, the Probation Officer ("PO") petitioned the district court for the issuance of a warrant for Cunningham's arrest for violating the conditions of his supervised release. The PO alleged that Cunningham violated a mandatory condition of the terms of his supervised release, *i.e.*, he failed to refrain from violating the law. The PO stated that Cunningham was arrested on state charges of sale and trafficking of cocaine in Miami-Dade County. The district court ordered the issuance of an arrest warrant. Although the warrant was issued, it was not executed because Cunningham was serving his state sentence at that time. Cunningham filed a motion asking the district court to hold a hearing in the revocation proceedings and to transfer him to federal custody, which the district court denied.

On appeal, Cunningham argues that the district court erred in denying his requests for disposition of his pending supervised release[1] revocation proceeding and transfer to federal custody. Cunningham also claims that the district court's

---

[1] Cunningham incorrectly refers to the proceeding as one for violation of his probation.

2

refusal to afford him a prompt hearing in the supervised release revocation proceeding violated his due process rights. Cunningham contends that the government's failure to bring him into federal custody for the supervised release violation deprived him of the ability to serve his state sentence concurrently with any federal sentence that might be imposed for the supervised release violation. Moreover, because a federal detainer has been lodged based on the supervised release violation proceeding, he was prevented from attending his mother's funeral, and his state custody level and status cannot be lowered. Cunningham asserts that his guilty pleas on the Florida state charges were "predicated entirely upon concurrent federal and state sentences to be serve[d] *in* federal prison, as opposed to the *consecutive* federal and state sentences that would result from the federal district court judge [continuous] refusal to afford appellant a preliminary probation hearing, pursuant to Rule 32.1 of the Fed.R.Crim.P." (emphasis in original).

We review legal questions concerning the Rules of Criminal Procedure and constitutional claims *de novo*. *See United States v. Noel*, 231 F.3d 833, 836 (11th Cir. 2000). Federal Rule of Criminal Procedure 32.1(a)(1) provides, that "[a] person held in *custody* for violating . . . supervised release must be taken without unnecessary delay before a magistrate judge." *See* 32.1(a)(1) (emphasis added). Rule 32.1(b)(1)(A) provides, in relevant part, that "[i]f a person is in custody for

violating a condition of . . . supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." *See* Fed.R.Crim.P. 32.1(b)(1)(A) (emphasis added). "If the judge finds probable cause, the judge must conduct a revocation hearing." *See* Fed.R.Crim.P. 32.1(b)(1)(C). The revocation hearing must be conducted "within a reasonable time" in the district court having jurisdiction. *See* Fed.R.Crim.P. 32.1(b)(2).

Rule 32.1 applies only to those individuals in custody solely for the violation of probation or supervised release. *See United States v. Pardue*, 363 F.3d 695, 697-98 (8th Cir. 2004); *see also* Fed.R.Crim.P. 32.1(a)(1) & (b)(1)(C). Rule 32.1 is triggered only when the defendant is taken into federal *custody* for violations of supervised release, not by issuance of a warrant for the defendant's arrest. *See* Fed.R.Crim.P. 32.1(a)(1) & (b)(1)(A).

There is no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant. *See Moody v. Daggett*, 429 U.S. 78, 89, 97 S.Ct. 274, 280, 50 L.Ed.2d 236 (1976); *see also United States v. Chaklader*, 987 F.2d 75, 77 (1st Cir. 1993). "[I]t is within the district court's power to order that a federal sentence not begin until the completion of a state sentence." *See United States v. Adair*, 826 F.2d

4

1040, 1041 (11th Cir. 1987). A federal sentencing court is not bound by a state plea bargain unless the federal government directly or indirectly was involved in the state plea bargaining process. *Meagher v. Clark*, 943 F.2d 1277, 1282 (11th Cir. 1991).

"As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *See Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976); *see also Daggett*, 429 U.S. at 88 n.9, 97 S.Ct. at 279 n.9.

After reviewing the record, we conclude that Cunningham was not entitled to be transferred to federal custody for initiation of a supervised release violation hearing. The district court is not required to conduct a supervised release violation hearing until Cunningham is taken into federal custody after he completes his sentences for the state convictions. Cunningham's argument that his due process rights were violated as a result of the delay between the district court's issuance of a warrant and any future supervised release violation hearing that may be held is without merit. Because Cunningham was not in federal custody, he was not entitled to an adversarial hearing. Further, Cunningham's claim that, when

5

pleading guilty on the state charges, he bargained for a sentence that was concurrent to his federal sentence is meritless. Moreover, a federal sentencing court is not bound by a state plea bargain unless the federal government directly or indirectly was involved in the state plea bargaining process, and there is no evidence in this case that the federal government was so involved. Finally, Cunningham's other due process arguments, *i.e.*, that the federal detainer lodged against him prevented him from attending his mother's funeral and from having his custody status and level reduced are without merit. Accordingly, we affirm the district court's order denying Cunningham's request for a hearing on his supervised release violation.

**AFFIRMED.**