[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14222
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00131-SPC-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNITO BEN EUGENE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 13, 2019)

Before MARCUS, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Bernito Eugene appeals the procedural and substantive reasonableness of his sentence for illegal reentry into the United States by a deported felon, in violation of 8 U.S.C. §§ 1326(a), (b)(2).  At the time of sentencing, Eugene was already serving a 60-month sentence in Florida state prison and a fully concurrent 39-month federal sentence, both for unrelated crimes.  The district court imposed a 24-month sentence, which was at the low end of the Guidelines range.  It ordered seven months to be served concurrently to the Florida sentence with the remaining 17 months served consecutively.  Eugene had argued that his *entire* federal sentence should run concurrently to his Florida sentence.  He now appeals, arguing that the district court's imposition of a partially concurrent sentence was both procedurally and substantively unreasonable.

I.

The facts surrounding Bernito Eugene's conviction in this case are well-known to the parties.  We recount below a synopsis of those facts relevant to his appeal.

On June 9, 2016, Eugene was arrested by the Hendry County Sheriff's Office for cocaine trafficking, among other charges.  While he was in Hendry County Jail, Immigration and Customs Enforcement (ICE) determined that Eugene was a citizen of Haiti and the Bahamas and filed an immigration detainer against him.  A search of the ICE database revealed that in 1996, Eugene had been

2

convicted of Aggravated Battery with a Firearm in Broward County, and that he was deported in 1999 after serving his sentence.

While still in county jail on the cocaine trafficking charge, Eugene was served with two federal indictments. First, on November 9, 2016, the Middle District of Florida charged Eugene with illegal reentry (the offense relevant here). Then, on January 20 of the following year, the Southern District of Florida charged Eugene with aggravated identity theft and making a false statement in a passport application.

The dispute in this appeal arises from what happened next. On May 11, 2017, Eugene received a 60-month term of imprisonment with the Florida Department of Corrections on the cocaine trafficking charge. Then, while he was still within the jurisdiction of the Middle District, U.S. Marshals transported Eugene to the Southern District to stand trial for aggravated identity theft and making a false statement on a passport application. He was arraigned on June 2. On December 4, 2017, the Southern District sentenced Eugene to 39 months to be served concurrently with Eugene's 60-month Florida term. Finally, on February 22, 2018, Eugene was arrested for illegal reentry—more than 20 months after he was indicted. In June, he pleaded guilty.

Eugene filed a sentencing memorandum pointing out that he had been in continuous custody since June 9, 2016, including approximately seven months

3

from his initial appearance in the instant case to sentencing. During these seven months, Eugene did not accrue credit to the federal sentence at issue in this appeal.

Based on a total offense level of 15 and a criminal history category of III, the Presentence Investigation Report calculated a Guidelines range of 24 to 30 months. Both parties stipulated to the facts in the report, and on October 1, 2018, the district court sentenced Eugene to 24 months of incarceration, with seven months served concurrent to Eugene's undischarged term in state prison and the remaining 17 months served consecutively.

## II.

Generally, this Court reviews a consecutive sentence for abuse of discretion. *See United States v. Covington*, 565 F.3d 1336, 1346 (11th Cir. 2009). If a claim of procedural unreasonableness is not raised below, however, we review that claim for plain error. *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).

The government argues that Eugene's general objection to the procedural reasonableness of his sentence did not preserve the issue and that plain error review should apply. But because Eugene's procedural arguments are unavailing even under the less deferential abuse-of-discretion standard, it is unnecessary to decide whether the trial court had sufficient context to ascertain the specific ground

of the objection.[1]  Additionally, we review the substantive reasonableness of the district court's sentencing decision under the abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

## III.

## A.

A sentence is procedurally unreasonable if the district court commits a significant procedural error, such as "failing to consider the § 3553(a) factors" or "failing to adequately explain the chosen sentence."  *Gall*, 552 U.S. at 51.  The appealing party bears the burden of showing that the district court's sentence is "unreasonable in light of the record and the § 3553(a) factors."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

When a criminal defendant is subject to an undischarged term of imprisonment for an unrelated crime, and the new offense was not committed during an undischarged term of imprisonment, the sentence for the new offense "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment" in order to achieve a "reasonable

---

[1] At the sentencing hearing, Eugene's counsel objected, on both procedural and substantive grounds, "for reasons stated in our sentencing memorandum and in my argument to Your Honor today."  Unless apparent from context, "a general objection . . . will not suffice." *United States v. Gallo-Chamorro*, 48 F.3d 502, 507 (11th Cir. 1995); *see also Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir. 1985) (implying that specific grounds can be inferred from context).  This rule is in place so that the trial court has "an opportunity to correct any arguable errors before an appeal is taken."  *United States v. Hoffer*, 129 F.3d 1196, 1202 (11th Cir. 1997).

punishment" for the offense.  U.S. Sentencing Guidelines Manual § 5G1.3(d) (U.S. Sentencing Comm'n 2016) (USSG).

The application note for subsection (d) lists the factors that the sentencing court should consider when deciding to impose the sentence concurrently, partially concurrently, or consecutively.  These factors are: (i) the § 3553(a) factors;[2] (ii) the type and length of the undischarged sentence; (iii) "the time already served on the undischarged sentence and the time likely to be served before release;" (iv) "the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time" in federal court; and (v) any other relevant circumstance.  *Id.* cmt. n.4.

Eugene argues that the district court procedurally erred "in failing to adequately consider the factors enumerated in § 5G1.3's Application Note and to explain why those factors supported its decision to run most of Mr. Eugene's sentence consecutive to his undischarged sentences."  Specifically, it "failed to

---

[2] The application note directs the court to consider the factors set forth in 18 U.S.C. § 3584, which incorporates the factors from 18 U.S.C. § 3553(a).  That section provides the following seven factors, in relevant part: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established" for "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense."

mention any consideration except deterrence" and "did not discuss other factors that it was required to consider which militated in favor of a fully concurrent sentence."

We disagree.  The district court's obligation to *consider* certain factors does not create an obligation to *discuss* those same factors.  In *United States v. Sanchez*, we said that the district court satisfies its procedural obligations when it "considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account."  586 F.3d 918, 936 (11th Cir. 2009); *see also United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) ("An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice.").  Similarly, in *United States v. Nagel*, we found it sufficient that, before imposing the sentence, the district court stated that it considered, among other things, the presentence investigation report, the § 3553(a) factors, and the statements of the parties.  *See* 835 F.3d 1371, 1376 (11th Cir. 2016).

Here, the district court stated that it considered all mandatory factors, and it adequately explained its sentence.  During the sentencing hearing, the sentencing judge informed Eugene that she had reviewed: arguments made by Eugene's counsel, a sentencing memorandum prepared by Eugene's counsel, the presentence investigation report, the Guidelines range, and "all of the factors" identified in § 3553(a).  Additionally, the judge expressed awareness that significant time had

elapsed while Eugene was under custody of the U.S. Marshals.  Weighing these factors, the judge arrived at a sentence that she believed was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing."

Ultimately, the appellate court is looking for evidence that the sentencing judge "considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).  The district court met that standard, and the record assures us that the "sentencing process [was] a reasoned process." *Id.* at 357.

## B.

Once it is established that the district court properly considered the § 3553(a) factors, "the only limitation on running sentences consecutively is that the resulting total sentence must be reasonable, and ordinarily a sentence within the advisory guidelines range is reasonable." *Covington*, 565 F.3d at 1347.  To find a district court's sentence substantively unreasonable, we must be left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation omitted). The defendant "bears the burden of demonstrating that his total sentence is unreasonable." *Covington*, 565 F.3d at 1347.

Eugene raises three objections to the substantive reasonableness of his sentence. None has merit.

*First*, Eugene argues that his Middle District sentence is unreasonable in light of the length of his Florida sentence. Eugene's Middle District sentence runs 17 months consecutive to his 60-month Florida sentence. Added together, this means that Eugene will not be released until approximately 50 months after his Middle District sentence was handed down, even though the Guidelines range for the instant offense is 24 to 30 months. But as the government correctly points out, the Guidelines ranges do not apply to aggregate sentences resulting from multiple sentences imposed consecutively. Eugene cannot expect that the fortuity of his present incarceration for a completely unrelated offense entitles him to a functional reduction on the sentence for his current offense. In fact, he should have the opposite expectation—both § 3584 and § 5G1.3 "evince a preference for consecutive sentences when imprisonment terms are imposed at different times." *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993).

*Second*, Eugene argues that because he was already punished for his Florida conviction, it would be "duplicative consideration of the same criminal conduct" to enhance his sentence for his current offense unless the judge's imposition of a partially-concurrent sentence completely offsets that enhancement. This argument is both doctrinally and practically flawed. Doctrinally, sentencing enhancements

9

are not properly viewed as an "additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Witte v. United States*, 515 U.S. 389, 400 (1995) (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)) (internal quotation marks omitted); *see also Moore v. State of Missouri*, 159 U.S. 673, 677 (1895) ("the punishment is for the last offense committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself"). Practically, sentencing enhancements would be functionally meaningless if courts were required to offset each enhancement through concurrent imposition. That rule would place Eugene in a better position than a defendant facing the same charges but not already incarcerated.

*Third*, Eugene notes that the government's decision to prosecute him in the Southern District before prosecuting him in the Middle District increased his criminal history category for the instant offense from II to III. Of course, had the government prosecuted Eugene in reverse order, his criminal history category would have been increased for purposes of his Southern District sentence. Eugene, however, seems to believe that since the Southern District sentence was imposed concurrent to his Florida sentence, the effect of an increased criminal history category in the Southern District would have been nullified.

10

There are several problems with this line of argument.  Most fundamentally, this appeal is about whether the district court abused its discretion when sentencing the defendant, not whether government prosecutors abused their discretion in deciding the order in which Eugene would face charges.[3]  At best, Eugene has made a case that he may have fared better had he been prosecuted first in the Middle District.  But that is quite different than demonstrating that the sentencing judge abused her discretion by not handing down a sentence that counteracted the effect of Eugene's prior federal conviction.  Besides, as the government noted at sentencing, there were defensible reasons to prosecute Eugene in the Southern District first, including the fact that his crimes of aggravated identity theft and passport fraud had real victims.  Finally, Eugene's argument requires this Court to assume that the Southern District's sentence would have been imposed concurrent to Eugene's Florida sentence *even if* he had appeared in the Southern District with a recent conviction in the Middle District.  That assumption is inappropriate in a proceeding where Eugene "bears the burden of demonstrating that his total sentence is unreasonable."  *Covington*, 565 F.3d at 1347.

---

[3] The government directs us to *United States v. Adair*, where we said that a "person who has violated the criminal statutes of both Federal and State Governments may not complain of the order in which he is tried or punished for such offenses."  826 F.2d 1040, 1041 (11th Cir. 1987).  Here, however, Eugene is not arguing that two sovereigns prosecuted him in the wrong order, but that he was disadvantaged by the order in which he was prosecuted by the *same sovereign*.

11

## IV.

Eugene has not met his burden of showing that his sentence is procedurally or substantively unreasonable, so we affirm the sentence.

**AFFIRMED.**