**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10814

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ISAIAS PABLO-FABIN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14020-AMC-1

_____

Before JILL PRYOR, BRANCH, and ED CARNES, Circuit Judges.

PER CURIAM:

A federal grand jury indicted Isaias Pablo-Fabin on one count of illegal reentry, in violation of 8 U.S.C. § 1326(a). He pleaded guilty. The district court sentenced him to the statutory

maximum of 24 months imprisonment and ordered the sentence to run consecutively with an unrelated and undischarged state sentence. He appeals his sentence, arguing that the district court's decision to run his federal sentence consecutively with his unrelated state sentence was both procedurally and substantively unreasonable. We affirm.

## I.

At his plea hearing, Pablo-Fabin had been informed that for his offense of illegal reentry he faced a statutory maximum of two years imprisonment, a term of supervised release, and a fine. He had agreed that he is not a natural-born or naturalized citizen or a national of the United States and that he was removed from the United States in 2018. He also agreed that immigration authorities had told him before he reentered the United States that it would be a crime for him to do so without authorization. Finally, he had admitted that he illegally and voluntarily reentered the United States without authorization and had lived in Florida until March of 2023.

It was in that month and year that Pablo-Fabin was arrested in Florida for the state crimes of lewd and lascivious battery and lewd solicitation of a child, for which he was later convicted. While he was in custody on those state crimes immigration officials learned where he was. That led to his prosecution and conviction on the federal charge of reentry in this case. During the sentence hearing in this case, the district court found Pablo-Fabin's total offense level to be 15 and his criminal history category to be III. Even

though the guidelines calculation yielded a higher range of 24 to 30 months, the statutory cap of 24 months resulted in that being the recommended guidelines sentence. The parties did not disagree about any of that. They did, however, disagree about whether the 24-month federal sentence should run consecutively to the state sentence of 83.25 months that Pablo-Fabin received for the child sex abuse crimes for which he had been convicted in state court.

The policy statement on the subject in the guidelines provides that, except in some inapplicable situations, with "an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d) (Policy Statement).

The district court heard arguments from both parties as to whether the federal sentence should run consecutively to the state one, which would yield a total incarceration period of about nine years. The government argued that because the state and federal crimes involved unrelated conduct, Pablo-Fabin should serve time for both offenses. It stressed that he previously had been convicted of improper entry at which time he had been "sternly put on notice that he is not supposed to be [in the country] and that he doesn't have any lawful authority" to be here. The government also argued that the conduct underlying Pablo-Fabin's state convictions established that his history and characteristics are of someone who was willing to exploit the "relationship of trust . . ., a familial trust,"

to harm a minor. *See generally* 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider . . . the nature and circumstances of the offense.").

The government argued that a concurrent sentence would undermine other goals of sentencing, including the need to reflect the seriousness of the offense and provide just punishment. *See generally id.* § 3553(a)(2)(A) (listing the need for an imposed sentence "to reflect the seriousness of the offense" and "to provide just punishment for the offense"). In the government's view, if the federal and state sentences were run concurrently, "[e]ssentially, there would be no sentence at all for . . . his violation of federal law for illegal reentry" and it would have "no impact at all on how much time [Pablo-Fabin would] serv[e] in prison." *See generally id.* § 3553(a)(2)(A)–(B) (listing the need for an imposed sentence "to promote respect for the law" and "to afford adequate deterrence to criminal conduct").

Pablo-Fabin, through counsel, took the position that running his federal sentence consecutively to his state sentence would result in a total term of imprisonment that would be "greater than necessary" to effectuate the goals of sentencing. He argued that a consecutive sentence "looks into his prior conduct" before he was charged with the illegal reentry offense. And he claimed that the state sentence is "severe in comparison" to what he likely would have received had he been charged for the same conduct by the federal system. He said that if instead of being convicted of the

state crimes involving sexual abuse of a minor, he had been convicted in federal court of the 18 U.S.C. § 2243 crime of sexual abuse of a minor, with credit for acceptance of responsibility, his guidelines range would have been 30 to 37 months instead of the 83.25 month sentence he received in state court.

Pablo-Fabin also argued that the district court should consider his "serious medical concerns" related to his heart. *See id.* § 3553(a)(2)(D) (listing the need for an imposed sentence "to provide the defendant with needed . . . medical care"). According to him, adding two extra years to his total sentence would cost taxpayers an "extra hundred thousand dollars for the Federal Bureau of Prisons to incarcerate him, . . . in excess of the state sentence," even if he didn't have any medical problems during those two years. Pablo-Fabin pointed out that he had a family and work awaiting him at home in Guatemala, but "the only thing that awaits him in America is prison."

After the parties' arguments, the district court stated that it had "considered all of the statutory factors" and that it agreed with the government. It then imposed a sentence of 24 months imprisonment to run consecutively to Pablo-Fabin's state sentence of 83.25 months, and the incarceration would also be followed by a year of supervised release.

The court explained that it believed that a "concurrent sentence would actually disserve the 3553(a) factors," and for that reason, it didn't "make sense in this case." It highlighted the fact that Pablo-Fabin had already been convicted of improper entry before

he reentered illegally in this case and, to make things worse, he "proceeded to commit a very serious state offense, victimizing" a minor to whom he "was or is related."

The court emphasized that despite the "creative arguments offered by defense counsel related to the purported seriousness or severity of the state offense," it still had an obligation to evaluate the 3553(a) factors.  It viewed some of the defense arguments as "almost an implicit request to reduce the state sentence in some way," but stated that regardless, "at the end of the day, again I return to the 3553(a) factors, and in my discretion I believe that [a] 24-month consecutive sentence is a reasonable sentence that is not more than what is necessary."  *See id.* § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary[.]").

In the district court Pablo-Fabin objected to the sentence running consecutively on substantive unreasonableness grounds. Now he claims it was also procedurally unreasonable.

## II.

Pablo-Fabin contends that the district court committed procedural error in failing to consider all the 18 U.S.C. § 3553(a) factors when it chose to run his federal sentence consecutively.  He argues that the court failed "in particular" to consider his "personal history and circumstances."

When a defendant fails to object to the procedural reasonableness of a sentence at the sentence hearing, we review it on that ground only for plain error.  *United States v. Owens*, 96 F.4th 1316,

1320 (11th Cir. 2024); *see also id.* (explaining that we "ordinarily review the procedural reasonableness of a sentence for abuse of discretion"). We may exercise our discretion to "notice a forfeited error" only after the defendant shows that the error is plain, it affected his substantial rights, *and* "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jones*, 743 F.3d 826, 829 (11th Cir. 2014) (quotation marks omitted); *see also* Fed. R. Crim. P. 52(b).

An error is plain if it is "clear or . . . obvious." *United States v. Olano*, 507 U.S. 725, 734 (1993) (quotation marks omitted). A plain error has affected a defendant's substantial rights if "there is a reasonable probability that he would have received a lighter sentence but for the error." *Jones*, 743 F.3d at 830 (quotation marks omitted).

A sentence is procedurally unreasonable if the district court, among other things, fails to consider the § 3553(a) factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). The § 3553(a) factors must also be considered before a district court exercises its discretion to impose a consecutive sentence. *See United States v. Covington*, 565 F.3d 1336, 1346–47 (11th Cir. 2009) (explaining that "18 U.S.C. § 3584(b) authorizes the district court to impose a consecutive sentence provided that it first considers the § 3553(a) factors"). The district court, however, isn't required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (quotation marks omitted).

Pablo-Fabin has failed to carry his burden to show the district court committed plain procedural error in imposing a consecutive sentence. *See Jones*, 743 F.3d at 829. After hearing all of the parties' arguments about whether the § 3553(a) factors supported a consecutive sentence, the court agreed with the government's arguments about them. *See generally United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (explaining that a district "court's acknowledgement that it has considered the § 3553(a) factors" is sufficient).

The court acknowledged that its "obligation is to consider the nature and circumstances of the offense and the history and characteristics of the defendant, along with the other factors in 3553(a)." And it added, "[w]hen I do that, I see here that Mr. Fabin, despite being convicted in 2017 of improper entry, reentered at some unidentified time. And then proceeded to commit a very serious state offense, victimizing a teenager with whom he was or is related."

There is no error, much less plain error, here.[1] The district court properly considered all of the relevant § 3553(a) factors when

---

[1] In our dual-sovereign system, "each sovereign must respect not only the sentencing authority of the other, but also the sentence." *United States v. Ballard*, 6 F.3d 1502, 1509 (11th Cir. 1993). The district court recognized that if the federal sentence were to run concurrently with the state one, there effectively would be no federal sentence. As this Court noted in *Ballard*, having a federal sentence run consecutively to an unrelated state sentence does not impinge on state sovereignty. *See id.* at 1509–10. But having a federal sentence disappear into a state one may risk impinging on federal sovereignty. *See id.*

deciding whether to impose a consecutive sentence, found that a concurrent sentence would "disserve" the § 3553(a) factors, and properly exercised its discretion to impose a consecutive sentence. *See* 18 U.S.C. § 3584(a)–(b); *Covington*, 565 F.3d at 1346–47. The sentence is not procedurally unreasonable.

## III.

Pablo-Fabin also contends that his federally imposed consecutive sentence is substantively unreasonable. He argues that the court "gave too much weight" to his state offenses, for which he is already being punished "more harshly than he would have been punished for the same offense in federal court." And he argues that the court gave "no weight" to his "difficult personal upbringing[] and history[,] including [the] significant health challenges that he faces today."

We review both the substantive reasonableness of a sentence and a district court's decision to impose a consecutive sentence only for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Covington*, 565 F.3d at 1346. This deferential standard of review "take[s] into account the totality of the circumstances" and recognizes that district courts have superior "institutional" knowledge and experience in making sentencing determinations. *Gall*, 552 U.S. at 51–52 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

A district court abuses its discretion when it: "(1) fails to afford consideration to relevant factors that were due significant

weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation omitted). A court "commits a clear error of judgment when it considers the proper factors, but weighs those factors unreasonably, arriving at a sentence that does not achieve the purposes of sentencing as stated in § 3553(a)." *United States v. Howard*, 28 F.4th 180, 205 (11th Cir. 2022) (quotation marks and citation omitted).

Once the § 3553(a) factors have been properly considered, "the only limitation on running sentences consecutively is that the resulting total sentence must be reasonable, and ordinarily a sentence within the advisory guidelines range is reasonable." *Covington*, 565 F.3d at 1346–47; *see also United States v. Adair*, 826 F.2d 1040, 1041 (11th Cir. 1987) ("[I]t is within the district court's power to order that a federal sentence not begin until the completion of a state sentence."); U.S.S.G. § 5G1.3(d). And it is the challenging party's burden to establish that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

For the reasons the district court gave when explaining why it ordered the federal sentence in this case to run consecutively to the state sentence, the decision to do that was not substantively unreasonable. In weighing the applicable § 3553(a) factors, the district court properly exercised its discretion in assigning substantial weight to Pablo-Fabin's prior 2017 improper entry conviction and his serious state sex-offenses against a relative who was a minor.

*See United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015) ("District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed.").

The district court acknowledged Pablo-Fabin's arguments, including those concerning his personal history. But it reasonably decided that those matters were outweighed by the fact that Pablo-Fabin reentered this country illegally after having been convicted for doing so before and warned not to do so again. He also made himself deserving of more total incarceration by using his undeserved and unlawful presence in this country to commit serious sex-offenses against a minor relative, a crime he could not have committed in this country if he had not reentered illegally. We would have been surprised if the district court had not placed heavy weight on those circumstances and the sentencing factors they related to.  It was certainly within the court's discretion to do that. *See United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) ("[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors.") (citation omitted).

Pablo-Fabin has failed to carry his burden to show that his 24-month sentence for illegal reentry, a guidelines sentence ordered to run consecutively to his sentence for an unrelated state charge, is substantively unreasonable. *See Tome*, 611 F.3d at 1378; *Covington*, 565 F.3d at 1346–47.

**AFFIRMED.**